**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

❑ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | AIO US, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** | Avon International Operations, Inc. |
| | Include any assumed names,  trade names, and *doing business  as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 13-3149872 |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4      International Drive | |
| Number   Street | Number     Street |
| Suite 110 | |
| | P.O. Box |
| Rye Brook    New York    10573 | |
| City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Westchester | |
| County | Number     Street |
| | |
| | City     State     ZIP Code |

**5.    Debtor's website** (URL)    https://www.avonworldwide.com

**6.    Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor   AIO US, Inc.                                    Case number (if known)   24-_____ (  )
         Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

4561 - Health and Personal Care Retailers

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____
                                          MM/ DD/ YYYY            _____

         District _____   When _____   Case number  _____
                                          MM / DD/ YYYY

| Debtor | AIO US, Inc. | Case number (if known) | 24-_____ (  ) |
|---|---|---|---|
| | Name | | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1    Relationship    See Schedule 1

District    Delaware    When    August 12, 2024
    MM / DD/ YYYY

Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
    Number          Street

    _____
    City          State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

    Contact Name    _____

    Phone    _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

| Debtor | AIO US, Inc. | | Case number (if known) | 24-____ ( ) |
| | Name | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | | | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion | | | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | | | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | | | |
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion | | | |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion | | | |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion | | | |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion | | | |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August 12, 2024___
MM / DD/ YYYY

✗ ___/s/ Philip J. Gund___          ___Philip J. Gund___
Signature of authorized representative of debtor          Printed name

___Chief Restructuring Officer___
Title

**18. Signature of attorney**

✗ ___/s/ Zachary I. Shapiro___          Date ___August 12, 2024___
Signature of attorney for debtor          MM / DD / YYYY

___Zachary I. Shapiro___          ___Ronit J. Berkovich___
Printed Name

___Richards, Layton & Finger, P.A.___          ___Weil, Gotshal & Manges LLP___
Firm Name

___One Rodney Square, 920 North King Street___          ___767 Fifth Avenue___
Address

___Wilmington, Delaware 19801___          ___New York, New York 10153___
City/State/Zip

___(302) 651-7700___          ___(212) 310-8000___
Contact Phone

___shapiro@rlf.com___          ___ronit.berkovich@weil.com___
Email Address

___5103___     ___Delaware___
Bar Number     State

## **Schedule 1**

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware) (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of each entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of AIO US, Inc.

| COMPANY |
| --- |
| AIO US, Inc. |
| Avon Products, Inc. |
| MI Holdings, Inc. |
| Avon Capital Corporation |

**OMNIBUS ACTION BY**
**WRITTEN CONSENT**
**OF THE**
**GOVERNING BODIES OF**
**THE COMPANIES**

August 12, 2024

**WHEREAS**, the undersigned, being (a) all of the members of the board of directors, (b) the manager, (c) the sole manager, (d) the member, (e) the sole member, (f) the general partner and/or (g) the shareholders, as the case may be (in each case, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the entities specified on the signature pages hereto (each, a "**Company**" and together, the "**Companies**"), do hereby consent to, adopt and approve, by unanimous written consent the following resolutions and each and every action effected thereby with the same force and effect as if they had been adopted at duly convened meetings of each Governing Body, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body; and

**WHEREAS**, each Company is a direct or indirect wholly owned subsidiary of Avon Products, Inc., a New York corporation;

**WHEREAS,** the Board of Directors of Avon Products, Inc. (the "**Board**") previously delegated to a committee of an independent member of the Board (the "**Special Committee**"), certain responsibilities, powers, and authority to, among other things, consider, evaluate, and negotiate various strategic alternatives for or on behalf of each Company, including, without limitation, an in-court or out-of-court restructuring or other transaction in an effort to preserve and to maximize the value of each Company and its assets (each such strategic transaction, a "**Transaction**" and collectively, the "**Transactions**") and recommend to the Board whether to approve and authorize each Company to pursue a Transaction;

**WHEREAS**, the Special Committee has, with the assistance of management, legal advisors, financial advisors, and investment bankers of the Company, considered the Transactions available to the Company, and authorized and recommended to the Board that the actions contemplated hereby are desirable and in the best interests of the Company, its creditors, and other parties in interest;

**WHEREAS,** the required members of the Governing Bodies have been conducting a review of strategic alternatives, the Board has authorized, and the Special Committee has recommended and approved that the commencement of the Chapter 11 Cases, the Stalking Horse Agreement, the execution and delivery of the DIP Credit Agreement and the Additional DIP Documents, and the Natura Settlement Agreement (each as defined below), and the performance by the each Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of each Company;

**WHEREAS,** each Governing Body has reviewed and had the opportunity to ask questions about the materials presented by the management, investment bankers, and the legal and financial advisors of each Company regarding the liabilities and liquidity of each Company, the

strategic alternatives available to it, and the impact of the foregoing on each Company's businesses;

**WHEREAS,** the Governing Body of each Company deems it to be desirable, advisable, and in the best interest of each Company to commence the Chapter 11 Cases and to execute and deliver the Stalking Horse Agreement, the DIP Credit Agreement and the Additional DIP Documents, and the Settlement Agreement, and perform its obligations thereunder; and

**WHEREAS,** each Governing Body desires to approve the following resolutions:

## I.   Commencement of the Chapter 11 Cases

**NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body has determined, after consultation with the management and the legal advisors, financial advisors, and investment bankers of each respective Company, that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of the Bankruptcy Code; and be it further

**RESOLVED**, that any manager, member, officer, general partner, or director of such Company, including, without limitation, the Treasurer, Chief Restructuring Officer, and General Counsel (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of each such Company all petitions, schedules, statements, motions, lists, applications, pleadings, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED,** that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each such Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with each Company's chapter 11 cases (the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, and (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of such Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.   <u>Stalking Horse Agreement</u>

**RESOLVED,** that the Governing Body of each Company has determined, after due consultation with the management, legal advisors, financial advisors and investment bankers of each Company, that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that, in connection with the Chapter 11 Cases, the Company enter into that certain Stock Asset Purchase Agreement, by and among Avon Products, Inc., each of the subsidiaries of the Company set forth therein as "Seller Parties"  (each a wholly-owned subsidiaries of the Company), and Natura & Co UK Holdings Limited (the "**Stalking Horse Agreement**"), a copy of which has been presented to the Board; and be it further

**RESOLVED,** that the execution and delivery by API of the Stalking Horse Agreement in substantially the form presented to its Board, consummation of the transactions contemplated by the Stalking Horse Agreement and performance by API of its obligations thereunder, are desirable and in the best interests of each Company, its creditors, and other parties in interest; and be it further

**RESOLVED,** that, subject to any approval of the Bankruptcy Court as required in the Chapter 11 Cases, the execution, delivery and performance by API of the Stalking Horse Agreement in substantially the form presented to its Board, and the consummation of the transactions contemplated thereby, and the execution, delivery and performance by API of all agreements constituting exhibits to the Stalking Horse Agreement or otherwise related thereto to which each Company is a party, are hereby authorized and approved, and each of the Authorized Persons, any one of whom may act individually without the joinder of the other, be, and each hereby is, authorized, empowered, and directed, for and on behalf of API, to execute and deliver the Stalking Horse Agreement in substantially the forms presented to its Board, with such changes therein and additions thereto, or in or to any of the agreements constituting exhibits to the Stalking Horse Agreement or otherwise related thereto to which each Company is a party, as the Authorized Person executing the same shall deem necessary, advisable or appropriate, with the execution and delivery of the Stalking Horse Agreement and each agreement constituting exhibits to the Stalking Horse Agreement or otherwise related thereto to which each Company is a party be conclusive evidence that such Authorized Person deemed the same to be necessary, advisable or appropriate; and be it further

III.    <u>**Approval of DIP Credit Agreement**</u>

**RESOLVED,** that the Governing Body of each Company, in connection with the Chapter 11 Cases, deems that certain Superpriority Senior Secured Debtor-in-Possession Credit and Guaranty Agreement, dated on or about August 12, 2024 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**DIP Credit Agreement**"; any terms used herein but not otherwise defined herein shall have the meanings assigned therein), by and among Avon Products, Inc., a New York Corporation (the "**Lead Borrower**"), AIO US, Inc., a Delaware corporation, MI Holdings, Inc., a Missouri corporation and Avon Capital Corporation, a Delaware corporation (each, a "**Co-Borrower**", and together with the Lead Borrower, the "**Borrowers**"), the Guarantors party thereto, and the DIP lenders party thereto (the "**DIP Lenders**"), the execution and delivery thereof, the performance by such Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of such Company; and be it further

**RESOLVED,** that the terms and provisions of and the execution and delivery of the DIP Credit Agreement and/or the Additional DIP Documents by each Company that is party thereto and the consummation by such Company of the transactions contemplated thereunder and under the DIP Credit Agreement, including (i) the borrowing of loans under the DIP Credit Agreement, (ii) the grant of a security interest in and liens upon all assets of such Company in favor of the Secured Parties with respect to the Obligations under the DIP Credit Agreement (including the authorization of financing statements in connection with liens) and (iii) the terms and provisions of and the execution, delivery and performance of all other agreements, security, guarantee or collateral documents, intercreditor agreements, reaffirmation agreements, promissory notes, instruments, mortgages, account control agreements, documents, notices, certificates and/or all other related documents constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including without limitation (a) the US Security and Pledge Agreement, (b) the US IP Security Agreement, (c) any copyright, trademark or patent security agreement, (d) any collateral agency agreements, collateral rights agreements, collateral assignments and intercreditor agreements entered into or acknowledged by API and the Companies in connection with DIP Credit Agreement, and (e) all other agreements or documents to which any Company is a party that are necessary, proper or advisable to consummate the transactions contemplated by the DIP Credit Agreement and/or any other DIP Document and all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Credit Agreement or any DIP Document (each an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties and compliance with the covenants under the DIP Credit Agreement and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Person of the applicable, who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of such Company, to execute and deliver each Additional DIP Document to which such Company is a party, with such changes therein and additions thereto as any such Authorized Person, in their sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such Additional DIP Documents with any changes thereto by the relevant Authorized Person, to be conclusive evidence

that such Authorized Person deemed such changes to meet such standard; and be it further

**RESOLVED,** that, in connection with the foregoing, as used herein, the term "Additional DIP Documents" shall include, but not be limited to: (i) any other collateral document, (ii) any other DIP Document to which any Company is a party and (iii) all other agreements or documents to which any Company is a party that are necessary, proper or advisable to consummate the transactions contemplated by the DIP Credit Agreement and/or any Additional DIP Document that is described in clauses (i) through (ii) above, and (iv) all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Credit Agreement or any Additional DIP Document that is described in clauses (i) through (iii) above or otherwise related thereto; and be it further

**RESOLVED,** that the signature of any Authorized Person of any Company to any Additional DIP Document to which such Company is a party shall be conclusive evidence of the authority of such Authorized Person to execute and deliver such Additional DIP Documents to which such Company is a party; and be it further

**RESOLVED,** that each Authorized Person of each Company, who may act without the joinder of any other Authorized Person, is hereby severally authorized, in the name of and on behalf of such Company, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument or document (including any mortgage, financing statement and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Credit Agreement and/or any Additional DIP Document to which such Company is a party, (iii) the payment of any consideration, and (iv) the payment of indemnitees, fees, costs, expenses, taxes and other amounts incurred by such Company as any such Authorized Person, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard) in order to effect the transactions contemplated under the DIP Credit Agreement and any Additional DIP Document to which such Company is a party, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects; and be it further

**RESOLVED,** that each Authorized Person of each Company, who may act without the joinder of any other Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of such Company, to prepare any amendment, waiver and/or consent under the DIP Credit Agreement and/or any Additional DIP Document to which such Company is a party as may be necessary, advisable or appropriate at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the DIP Credit Agreement and/or any Additional DIP Document to which such Company is a party and may require consent payments, fees or other amounts payable in connection therewith, and that each Authorized Person of each Company be, and hereby is, authorized, in the name and on behalf of such Company, to execute and deliver such amendments, waivers or consents under the DIP Credit Agreement and/or any Additional DIP Document to which such Company is a party as such Authorized Person shall deem to be necessary, advisable or appropriate, such execution and delivery by such Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity,

appropriateness or advisability thereof; and be it further

**RESOLVED,** that any person dealing with any Authorized Person of any Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such Company enforceable in accordance with their terms; and be it further

**RESOLVED,** that the Governing Body of each Company hereby authorizes any current and/or future subsidiary of such Company, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Credit Agreement and/or any Additional DIP Document to which such Company is a party; and be it further

## IV.    <u>Natura Settlement Agreement</u>

**RESOLVED,** that in connection with the Chapter 11 Cases, the Governing Body of each Company deems the Natura Settlement Agreement, the execution and delivery thereof, the performance by Avon Products, Inc. of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of each Company; and be it further

**RESOLVED,** that the execution and delivery by Avon Products, Inc. of the Natura Settlement Agreement in substantially the form presented to the Board, consummation of the transactions contemplated by the Natura Settlement Agreement and performance by Avon Products, Inc. of its obligations thereunder, are desirable and in the best interests of each Company, their creditors, and other parties in interest; and be it further

**RESOLVED,** that, subject to any approval of the Bankruptcy Court as required in the Chapter 11 Cases, the execution, delivery and performance by Avon Products, Inc. of the Natura Settlement Agreement in substantially the form presented to its Board, and the consummation of the transactions contemplated thereby, and the execution, delivery and performance by Avon Products, Inc. of all agreements constituting exhibits to the Natura Settlement Agreement or otherwise related thereto to which each Company is a party, are hereby authorized and approved, and each of the Authorized Persons, any one of whom may act individually without the joinder of the other, be, and each hereby is, authorized, empowered, and directed, for and on behalf of Avon Products, Inc., to execute and deliver the Natura Settlement Agreement in substantially the forms presented to its Board, with such changes therein and additions thereto, or in or to any of the agreements constituting exhibits to the Natura Settlement Agreement or otherwise related thereto to which each Company is a party, as the Authorized Person executing the same shall deem necessary, advisable or appropriate, with the execution and delivery of the Natura Settlement Agreement and each agreement constituting exhibits to the Natura Settlement Agreement or otherwise related thereto to which each Company is a party be conclusive evidence that such Authorized Person deemed the same to be necessary, advisable or appropriate; and be it further

## V. <u>Retention of Advisors</u>

**RESOLVED,** that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the law firm of Richards, Layton & Finger, P.A. located at 920 N. King Street, Wilmington, DE 19801, is hereby retained as local counsel for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Ankura Consulting Group, LLC, located at 485 Lexington Avenue 10th Floor, New York, NY 10017, is hereby retained as restructuring advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Rothschild & Co US Inc., located at 1251 Avenue of the Americas, New York, NY 10020, is hereby retained as investment banker and financial advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Epiq Corporate Restructuring, LLC, located at 777 Third Avenue 12th Floor, New York, NY 10017, is hereby retained as claims, noticing and solicitation agent for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Cases; and be it further

## IV. <u>General Authorization and Ratification</u>

**RESOLVED,** that each Company confirms and ratifies the appointment of Philip J. Gund as Chief Restructuring Officer of each Company respectively; and be it further

**RESOLVED,** that any and all past actions heretofore taken by any Authorized Person, any manager, member, officer, general partner, or director of each applicable Company in the name and on behalf of each applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

**RESOLVED,** that the Authorized Persons, each of whom may act without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of each Company, to take or cause to be taken all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, joinders, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates currently unknown but which may be required, (ii) the negotiation of such changes and additions to any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing or currently unknown but which may be required, (iii) the execution, delivery, filing (if applicable) and performance of any of the foregoing, and (iv) the payment of all fees, consent payments, taxes, indemnitees and other expenses as such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, desirable or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions, and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of each Company as if specifically set out in these resolutions; and be it further

**RESOLVED,** that each Authorized Person of each Company is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary, convenient, appropriate, advisable or desirable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of each respective Company; and be it further

**RESOLVED,** that any person dealing with any Authorized Person or persons designated and authorized to act by any such Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person or persons designated and authorized to act by such Authorized Person and by his or her execution of any document, agreement or instrument, the same to be a valid and binding obligation of each Company enforceable in accordance with its terms; and be it further

**RESOLVED,** that, to the extent that each Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person, any one of whom may act without the joinder of any of the others, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (a) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED,** that any actions taken by any Authorized Person, for or on behalf of each Company, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of each respective Company.

**RESOLVED,** that this written consent may be executed in multiple counterparts (including by facsimile, electronic transmission (including ".pdf" or ".tiff") or otherwise), each of which shall be considered an original and all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, the undersigned, being all of the members of the board of directors of AIO US, Inc., MI Holdings, Inc., and Avon Capital Corporation have executed this unanimous written consent as of the date first set forth above.

_____
John Dubel

_____
Angela Cretu

_____
Hristo Manov

*[Signature Page to Governing Bodies Written Consents]*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name: <u>AIO US, Inc.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the <u>District of Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<em>If known</em>):   24-_____ ( )</td></tr>
</table>

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders[1]

12/15

A list of consolidated creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Deutsche Bank Trust Company Americas (Indenture Trustee) Attn.: 60 Wall Street, 24th Floor New York, New York 10005 | Attn.: Phone: Email: | Unsecured Note | | | | $22,653,502.40 |
| 2 | Pension Benefit Guaranty Corporation Attn.: General Counsel 445 12th Street SW Washington, District of Columbia 20554 | Attn.: General Counsel Phone: (800) 736-2444 Email: CustomerService@pbgc.gov | Pension | Contingent Unliquidated | | | $5,863,229.22 |
| 3 | HCL America Inc. Attn.: 2600 Great America Way Santa Clara, California 95054 | Attn.: Phone: Email: raghupathys@hcltech.com | Trade Payables | | | | $3,523,882.82 |
| 4 | KTJB LLC c/o Lundin PLLC Attn.: John Lundin, Esq. 405 Lexington Avenue, 26th Floor New York, New York 10174 | Attn.: John Lundin, Esq. Phone: (212) 541-2402 Email: jlundin@lundinpllc.com | Litigation | Contingent Unliquidated Disputed | | | $3,000,000.00 |
| 5 | 7 Third Avenue Leasehold Attn.: Charles McClafferty c/o Sage Realty Corporation, 5th Floor New York, New York 10017 | Attn.: Charles McClafferty Phone: Email: cmcclafferty@sagerealtycorp.com | Trade Payables | | | | $2,488,301.83 |
| 6 | SLIP Participant – 1 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $1,811,988.00 |

---

[1]  List of Top 20 Unsecured Creditors does not include Talc Claims. Please refer to the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105 and 107 and Fed. R. Bankr. P. 1007, 2002, and 9007 for Entry of Order (I) Authorizing Debtors to Redact Certain Personal Identification Information, (II) Authorizing Debtors to File Certain Top Creditor Lists, (III) Approving Special Noticing Procedures for Talc Claimants, and (IV) Granting Related Relief*, filed contemporaneously herewith.

| Debtor | AIO US, Inc. | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 South Carolina Department of Health and Environmental Control c/o Bureau of Land & Waste Management Attn.: Carol Crooks 2600 Bull Street Columbia, South Carolina 29201 | Attn.: Carol Crooks Phone: (803) 898-0810 Email: crookscl@dhec.sc.gov | Litigation | Contingent Unliquidated Disputed | | | $1,000,000.00 |
| 8 SLIP Participant – 2 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $751,648.00 |
| 9 Kelmar Associates LLC Attn.: Marsela Strakosha 500 Edgewater Drive, Suite 525 Wakefield, Massachusetts 01880 | Attn.: Marsela Strakosha Phone: (781) 928-9145 Email: marsela.strakosha@kelmarassoc.com | Litigation | Contingent Unliquidated Disputed | | | $730,000.00 |
| 10 Occidental Chemical Corporation c/o Archer & Grenier, P.C. Attn.: John McDermott, Esq. One Centennial Square Haddonfield, New Jersey 08033 | Attn.: John McDermott, Esq. Phone: (856) 795-2121 Email: jmcdermott@archerlaw.com | Litigation | Contingent Unliquidated Disputed | | | $720,000.00 |
| 11 Colorado Department of Revenue Attn.: 1881 Pierce Street Denver, Colorado 80214 | Attn.: Phone: Email: | Tax Audit | Contingent Unliquidated Disputed | | | $500,000.00 |
| 12 Foley & Mansfield, PLLP Attn.: 250 Marquette Avenue South, Suite 1200 Minneapolis, Minnesota 55401 | Attn.: Phone: Email: | Trade Payables | | | | $424,335.19 |
| 13 Shook, Hardy & Bacon L.L.P. Attn.: 2555 Grand Boulevard Kansas City, Missouri 64108 | Attn.: Phone: Email: | Trade Payables | | | | $357,912.93 |
| 14 SLIP Participant – 3 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $350,000.00 |
| 15 Landman Corsi Balliane & Ford P.C. Attn.: One Gateway Center Newark, New Jersey 07102 | Attn.: Phone: Email: | Trade Payables | | | | $329,044.20 |
| 16 DCP Participant – 1 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $240,350.40 |

| Debtor | AIO US, Inc. | Case number (if known) | 24-_____ ( ) |
| --- | --- | --- | --- |
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Hogan Lovell Int. LLP – Germany Attn.: | Attn.: Phone: Email: | Trade Payables | | | | $153,373.32 |
| 18 | BRP Participant – 1 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $112,020.81 |
| 19 | BRP Participant – 2 ADDRESS ON FILE | ADDRESS ON FILE | Legacy Benefits | | | | $107,962.77 |
| 20 | Bottomline Technologies Attn.: 325 Corporate Drive Portsmouth, New Hampshire 03801 | Attn.: Phone: Email: | Trade Payables | | | | $106,300.65 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :        Chapter 11
                                                             :
AIO US, INC.,                                                :        Case No. 24– _____ (      )
                                                             :
                             Debtor.                         :
                                                             :
------------------------------------------------------------ x
```

**DEBTORS' LIST OF THE TOP 22 LAW FIRMS WITH THE**
**MOST SIGNIFICANT REPRESENTATIONS OF TALC CLAIMANTS**

   The following is a consolidated list (the "**Top Plaintiffs' Firms List**"), in alphabetical order, of the top twenty-two law firms with the most significant representations of parties asserting talc claims against AIO US, Inc. and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**"). Concurrently with this petition, the Debtors have filed a motion seeking authority to file this Top Plaintiffs' Firms List (on a consolidated basis) and a consolidated list of creditors holding the twenty largest unsecured claims (excluding talc claims). The Top Plaintiffs' Firms List does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Plaintiffs' Firms List was prepared with information existing as of July 31, 2024. The Debtors reserve the right to amend the Top Plaintiffs' Firms List based on additional information they may identify. The information contained in the Top Plaintiffs' Firms List shall not constitute an admission by, nor shall it be binding on, the Debtors.

| Name of Law Firm | Name, Telephone Number, Mailing Address, and E-Mail of Law Firm Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Set-off |
|---|---|---|---|
| Belluck & Fox, LLP | Attn:  Joseph Belluck, Esq.<br>546 5th Avenue, 5th Floor<br>New York, New York 10036<br>Phone: (646) 783-1210<br>Email:  jbelluck@belluckfox.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Cohen, Placitella & Roth, PC | Attn:  Christopher Placitella, Esq.<br>127 Maple Avenue<br>Red Bank, New Jersey 07701<br>Phone: (732) 747-9003<br>Email: cplacitella@cprlaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Dean Omar Branham Shirley, LLP | Attn:  Amin Omar, Esq.<br>302 N Market Street, Suite 300<br>Dallas, Texas 75202<br>Phone: (214) 722-5990<br>Email: aomar@dobslegal.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Deblase Brown Eyerly, LLP | Attn:  Eric Brown, Esq.<br>680 South Santa Fe Avenue<br>Los Angeles, California 90021<br>Phone: (310) 575-9955<br>Email:  brown@dbelegal.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Dobs & Farinas, LLP | Attn.:  Sarah Broderick, Esq.<br>951 North Delaware Street<br>Indianapolis, Indiana 46202<br>Phone: (317) 854-3003<br>Email:  sbroderick@dobslegal.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Flint Cooper LLC | Attn:  Ethan Flint, Esq.<br>222 E. Park Street, Suite 500<br>Edwardsville, Illinois 62025<br>Phone: (618) 936-0274<br>Email:  eflint@flintcooper.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Karst & Von Oiste, LLP | Attn:  Erik Karst, Esq.<br>23923 Gosling Road, Suite A<br>Spring, Texas 77389<br>Phone: (281) 970-9988<br>Email:  epk@karstvonoiste.com | Personal Injury - Talc/ Asbestos | Undetermined |

| Name of Law Firm | Name, Telephone Number, Mailing Address, and E-Mail of Law Firm Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Set-off |
|---|---|---|---|
| Lanier Law Firm, PLLC | Attn:  Darron Berquist, Esq.<br>535 Madison Avenue, 12th Floor<br>New York, New York 10022<br>Phone:  (212) 421-2800<br>Email:  darron.berquist@lanierlawfirm.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Levy Konigsberg, LLP | Attn:  Jerome Block, Esq.<br>605 Third Avenue, 33rd Floor<br>New York, New York 10158<br>Phone:  (212) 605-6200<br>Email:  jhblock@levylaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Maune Raichle Hartley French & Mudd | Attn:  David Amell, Esq.<br>1900 Powell Street, Suite 200<br>Emeryville, California 94608<br>Phone:  (800) 358-5922<br>Email:  damell@mrhfmlaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Meirowitz & Wasserberg, LLP | Attn:  Daniel Wasserberg, Esq.<br>1040 6th Avenue, 10th Floor<br>New York, New York 10018<br>Phone:  (212) 897-1988<br>Email:  asbestos@mwinjurylaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Nachawati Law Group | Attn:  Darren McDowell<br>5474 Blair Road<br>Dallas, Texas 75233<br>Phone:  (214) 890-0712<br>Email:  dmcdowell@ntrial.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Phillips & Paolicelli, LLP | Attn.:  Daniel Woodard, Esq.<br>747 Third Avenue, 6th Floor<br>New York,  New York 10017<br>Phone:  (212) 388-5100<br>Email:  dwoodard@p2law.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Simmons Hanly Conroy LLP | Attn:  Jim Kramer, Esq.<br>112 Madison Avenue, 7th Floor<br>New York, New York 10016<br>Phone:  (212) 257-8482<br>Email:  JKramer@simmonsfirm.com | Personal Injury - Talc/ Asbestos | Undetermined |

| Name of Law Firm | Name, Telephone Number, Mailing Address, and E-Mail of Law Firm Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Set-off |
|---|---|---|---|
| Simon Greenstone Panatier, PC | Attn:  Leah Kagan, Esq.<br>3760 Kilroy Airport Way, Suite 680<br>Long Beach, California 90806<br>Phone:  (562) 590-3400<br>Email: lkagan@sgpblaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| SWMW Law, LLC | Attn.:  Benjamin Schmickle, Esq.<br>701 Market Street, Suite 1000<br>St. Louis, Missouri 63101<br>Phone:  (314) 480-5180<br>Email:  asbestos@SWMWlaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| The Ferraro Law Firm | Attn:  Jose Becerra, Esq.<br>600 Brickell Avenue, Suite 3800<br>Miami, Florida 33131<br>Phone:  (305) 375-0111<br>Email:  jbecerra@ferrarolaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| The Frost Law Firm | Attn:  Scott Frost, Esq.<br>274 West 7th Street<br>San Pedro, California 90732<br>Phone:  (866) 353-6376<br>Email:  scott@frostlawfirm.com | Personal Injury - Talc/ Asbestos | Undetermined |
| The Gori Law Firm | Attn:  Christopher Layloff, Esq.<br>5770 Mexico Road, Suite A<br>St. Peters, Missouri 63376<br>Phone:  (314) 310-2301<br>Email:  clayloff@gorilaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Vogelzang Law | Attn:  Michelle Pawlowski, Esq.<br>401 N. Michigan Avenue, Suite 350<br>Chicago, Illinois 60611<br>Phone:  (312) 466-1669<br>Email:  mpawlowski@vogelzanglaw.com | Personal Injury - Talc/ Asbestos | Undetermined |
| Waters Kraus Paul & Siegel | Attn:  Kevin Loew, Esq.<br>222 N. Pacific Coast Highway, Suite. 1900<br>El Segundo, California 90245<br>Phone:  (310) 414-8146<br>Email:  kloew@waterskraus.com | Personal Injury - Talc/ Asbestos | Undetermined |

| Name of Law Firm | Name, Telephone Number, Mailing Address, and E-Mail of Law Firm Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Set-off |
|---|---|---|---|
| Weitz & Luxenberg, PC | Attn:  Charles Ferguson, Esq.<br>700 Broadway<br>New York, New York 10003<br>Phone:  (212) 558-5500<br>Email:  info@weitzlux.com | Personal Injury - Talc/ Asbestos | Undetermined |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                          :
In re                                     :      Chapter 11
                                          :
AIO US, INC.,                             :      Case No. 24– _____ (      )
                                          :
                    Debtor.               :
                                          :
------------------------------------------------------------ x
```

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as **Exhibit A** is an organizational chart reflecting certain of the ownership interests in AIO US, Inc. ("**AIO**") and each of its debtor affiliates (collectively, "**Debtors**") as of the date hereof.  The Debtors respectfully represent as follows:

1.      The Debtors are each, directly or indirectly, wholly owned subsidiaries of Natura & Co Holding S.A. ("**Natura**"), a corporation organized under the Brazilian Corporation Law.  Natura's shares are publicly traded in Brazil on the "Novo Mercado" listing segment of the B3 exchange, identified by the ticker symbol "NTCO3."  Natura is not a debtor in these chapter 11 cases.

2.      98.678% of the common shares of Debtor Avon Products, Inc. ("**API**") is owned by Natura and 1.322% is owned by AIO.

3.      API owns 100% of the common shares of MI Holdings, Inc. ("**MIH**").

4.      MIH owns 100% of the common shares of AIO.

5.      AIO owns 100% of the common shares of Avon Capital Corporation.

## Exhibit A

**Organizational Chart**

**DEBTORS AND NON-DEBTOR AFFILIATES**





Natura (Parent)

Debtors

US Non-Debtor Affiliates

Non-US Non-Debtor Affiliates

Does not include all non-debtor affiliates

**Fill in this information to identify the case:**

Debtor name: <u>AIO US, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*):    24-<u>_____</u> ( ) <u>_____</u>

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration <u>Top 22 Law Firms with the Most Significant Representations of Talc Claimants and Consolidated Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>August 12, 2024</u>
MM /DD /YYYY

**X** <u>/s/ Philip J. Gund</u>
Signature of individual signing on behalf of debtor

<u>Philip J. Gund</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor